## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TERRELL POLK,

                Petitioner,

    -versus-

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION AND
ORDER
24-cv-5000 (GBD)
17-cr-649 (GBD)

**GEORGE B. DANIELS, United States District Judge:**

Defendant-Petitioner Terrell Polk moves to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 ("Petition"). In 2020, Polk was convicted after a jury trial under, among other things, 18 U.S.C. § 924(c) for using, carrying, and possessing a firearm, which was discharged, in relation to a drug trafficking crime. (Judgment ("2020 Judgment"), ECF No. 171,[1] at 1.) Polk had previously pleaded guilty to violating the same statute in 2006. (Judgment, Case No. 06-cr-00070 (JFK) ("2007 Judgment"), ECF No. 27, at 1.) For his 2020 § 924(c) conviction, Polk was sentenced to 25 years of imprisonment, the mandatory minimum sentence for someone with a previous § 924(c) conviction. 18 U.S.C. § 924(c)(1)(C)(i). Polk appealed his convictions on all counts to the Second Circuit, which affirmed his convictions on March 27, 2023. (Mandate of USCA ("USCA Mandate"), ECF No. 102, at 1–2.) Polk now argues that a 2022 United States Supreme Court decision, *United States v. Taylor*, 596 U.S. 845 (2022),

---

[1] Unless otherwise indicated, all ECF citations in this document refer to filings in the 2017 criminal case, Case No. 17-cr-649.

renders his 2007 conviction constitutionally invalid—and that his 2020 sentence for his second

924(c) conviction should therefore be reduced to ten years, the mandatory minimum for a first

offense. (Petition, ECF No. 200, at 11, 15; 18 U.S.C. § 924(c)(1)(A)(iii).) Because this

argument was available to Polk on direct appeal and he did not raise it, Polk has procedurally

defaulted on his claim. Accordingly, the Petition is denied.

## I.    FACTUAL BACKGROUND

On January 20, 2006, Polk was charged with (1) "participat[ing] in an armed robbery of

an individual believed to be in possession of drugs and drug proceeds" in violation of 18 U.S.C.

§ 1951(b)(3) (the "Hobbs Act") and (2) brandishing a firearm during and in relation to the Hobbs

Act robbery, a violation of 18 U.S.C. § 924(c). (Information, Case No. 06-cr-0070 (JFK), ECF

No. 14.) On October 25, 2006, Polk pled guilty to Count 2, brandishing a firearm during and in

relation to a crime of violence, a violation of 18 U.S.C. § 924(c). (2007 Judgment at 1.) In

exchange for a negotiated disposition, the Government dropped Count 1. (February 7, 2007

Minute Entry, Case No. 06-cr-0070 (JFK).) Before accepting Polk's plea, the Court confirmed

with Polk that he was "agreeing that [he] participated in a crime of violence" and that he was

"involved in a crime of violence, a robbery." (Change of Plea Tr., Case No. 06-cr-0070 (JFK)

("Plea Colloquy"), at 11, 15.) Polk also agreed that he would not lodge any direct appeal or

habeas corpus challenges to the conviction. (*Id.* at 12.) On February 7, 2007, he was sentenced

to seven years of imprisonment, followed by five years of supervised release. (2007 Judgment at

2–3).

Years later, Polk was arrested for a separate crime and then indicted on four counts: (1)

conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana, in

violation of 21 U.S.C. §§ 846, 841(b)(1); (2) possession with intent to distribute crack cocaine, in

violation of 21 U.S.C. § 841(b)(1)(C); (3) using, carrying, and possessing a firearm, which was discharged, in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii); and (4) being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Superseding Indictment (S1), ECF No. 67). On September 13, 2018, after a four-day trial, a jury convicted Polk on all four counts. (Sept. 13, 2018 Minute Entry.) He was sentenced to 10 years of imprisonment on each of Counts 1, 2, and 4, to be served concurrently. (2020 Judgment at 3.) Polk was also sentenced to a consecutive 25 years of imprisonment on Count 3, the § 924(c) violation, in accordance with the mandatory minimum sentence for a defendant with a previous conviction under the statute. (*Id.*); 18 U.S.C. § 924(c)(1)(C)(i).

After this Court denied Polk's two post-trial motions, Polk appealed his convictions to the Second Circuit on March 10, 2022. (*See* Memorandum Decision and Order, ECF No. 128; Memorandum Decision and Order, ECF No. 170; Notice of Appeal, ECF No. 172.) On appeal, Polk argued that (1) the jury did not have sufficient evidence to find him guilty on Counts 1, 3, and 4, and (2) he was entitled to a new trial because a government witness later revealed that he had previously murdered someone and lied about it at trial. (*See generally* Brief for Defendant-Appellant, 2d Cir. Case No. 20-864, ECF No. 39.) At no point did he argue for a reduction in the 25-year sentence attached to Count 3; nor did he argue that his 2007 § 924(c) conviction was not predicated on a valid crime of violence. (*See generally id.*) Polk concedes this. (Petition at 5). While his appeal was pending, the United States Supreme Court issued its decision in *United States v. Taylor*, 596 U.S. 845 (2022). In *Taylor*, the Court held that an attempted robbery under the Hobbs Act does not constitute a crime of violence under § 924(c) because the government is not required to prove the use, attempted use, or threatened use of force to obtain a conviction for an attempted robbery. *Id.* at 860. On March 27, 2023, the Second Circuit affirmed Polk's

convictions and upheld the District Court's denial of his motion for a new trial. (USCA Mandate at 1–2.)

On June 21, 2024, Polk mailed his Petition to this Court. (Petition at 17.) In his Petition, Polk argues that his 2007 § 924(c) conviction was not based on the commission of a crime of violence. *Id.* at 15–16. He argues that, because he was never convicted of a completed Hobbs Act robbery, the Supreme Court's decision in *Taylor* means that his 2007 § 924(c) conviction was not predicated on a valid crime of violence. *Id.* Because his § 924(c) conviction is effectively invalid, Polk argues, his 2020 § 924(c) conviction should have carried with it a mandatory minimum sentence of 10 years, not 25. *Id.* at 16. Polk requests that his sentence be reduced accordingly. *Id.*

## II.    POLK IS NOT ENTITLED TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE

Section 2255 of Title 28 of the United States Code permits a court to consider a motion to vacate, set aside, or correct the sentence of a prisoner being held in federal custody if, among other reasons, "the [prisoner's] sentence was imposed in violation of the Constitution." The habeas petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011). Polk argues that his 25-year sentence for his second § 924(c) conviction is unconstitutional because his first § 924(c) conviction has been rendered unconstitutional by *United States v. Taylor*, 596 U.S. 845 (2022).

### A.    Polk's habeas petition is timely because it was filed within a year of the judgment becoming final.

The Antiterrorism and Effective Death Penalty Act provides that a petitioner must file their writ of habeas corpus within one year of the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to filing the habeas

4

petition is removed; (3) the date on which the right asserted by the petitioner was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and is available retroactively to habeas petitioners; and (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). (2) and (4) are not at issue.

The government argues that Polk's Petition is untimely because, *inter alia*, he filed it over a year after the Supreme Court's decision in *Taylor*—thereby making the Petition untimely under option (3). (Gov't Mem. Opp., ECF 203, at 4.) *Taylor* was decided on June 21, 2022, which means that Polk would have had to file his Petition by June 21, 2023 for it to be timely under the "newly recognized right" prong of the statute. *Taylor*, 596 U.S. at 845. Given that Polk did not file his Petition until June 2024, the Government is correct that he cannot invoke the issuance of *Taylor* as a mode of timeliness.

Polk's petition *is* timely, however, under option (1): it was filed within a year of the date on which Polk's judgment of conviction became final. A judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of conviction, which occurs 90 days after the appellate court's judgment is entered. *Clay v. U.S.*, 537 U.S. 522, 532 (2003); S. Ct. Rule 13(1). Moreover, for an "inmate confined in an institution," the date of filing is the date the document was "deposited in the institution's internal mailing system." *See* Rules Governing § 2255 Proceedings for the United States District Courts, Rule 3(d).

Here, the Second Circuit affirmed Polk's convictions on March 27, 2023. (USCA Mandate at 1.) Under Supreme Court Rule 13(1), then, the deadline for Polk to file a writ of certiorari was 90 days later—or June 25, 2023. Under *Clay*, this was the date his judgment

became final. Polk therefore had one year from June 25, 2023 to file a petition for collateral review, giving him until June 25, 2024. Polk's Petition was postmarked on June 21, 2024. (Petition at 17.) Under the United States District Courts' rules for habeas proceedings, this is the effective date of his filing; thus, Polk filed his Petition four days before the statute of limitations ran. His Petition is therefore timely under 28 U.S.C. § 2255(f) because it was filed less than one year before the judgment of conviction became final.

## B. Polk's Petition is procedurally defaulted because he did not raise these arguments on appeal.

Claims that are not raised on direct review are procedurally defaulted and may not be raised in a habeas petition unless the defendant can demonstrate either (1) cause and actual prejudice or (2) that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Polk can do neither. Thus, his petition is procedurally defaulted.

### 1. Polk cannot show cause.

To show cause, a defendant must demonstrate "some objective factor external to the defense, such that the claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984) (internal quotations omitted). Importantly, a claim is not novel—or futile—merely because the claim was "unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (internal quotations omitted). An argument that is commonly made, even if it rarely succeeds, is not novel. *See Bousley*, 523 U.S. at 622 ("Indeed, at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges [of this kind].").

The United States Supreme Court's decision in *Bousley* is instructive here. In *Bousley*, the petitioner was also convicted under § 924(c). *Id.* at 616. He appealed his conviction, which was affirmed; later, the Supreme Court issued a decision that the petitioner argued rendered his conviction unconstitutional. *Id.* at 617–18. The Supreme Court held that the petitioner could not successfully base a habeas claim on this new decision because the claim was not novel. *Id.* at 622–23. The fact that the validity of that claim had not been previously decided, the Court reasoned, did not make it novel. *Id.* In fact, there were many published federal cases in which people had made similar arguments, which meant that this claim was markedly *not* novel. *Id.* In response to the petitioner's argument that bringing the claim on appeal would have been futile, the Court noted that futility does not show cause "if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* at 623 (internal quotation omitted). Because the petitioner's claim was not novel nor sufficiently futile, the Court concluded that he had failed to show cause.

Polk fails to demonstrate cause for the same reasons. Polk claims that his 2007 § 924(c) conviction was not predicated on a valid crime of violence. (Petition at 15–16.) He also explains that he did not raise this issue on appeal because *Taylor*, the dispositive Supreme Court case, was not issued until June 2022. *Id.* at 4. But that does not mean this type of claim is novel, nor does it mean that he could not have raised the issue before *Taylor* was handed down. In fact, just as "the Federal Reporters were replete" with claims similar to the one brought in *Bousley*, there are numerous examples of cases brought in this district and this circuit featuring challenges to the categorization of attempted and actual Hobbs Act robberies as crimes of violence. *Bousley*, 523 U.S. at 622; *see, e.g.*, *United States v. Estevez Gonzalez*, No. 19 CR. 123-2 (NRB), 2020 WL 1809293, at *3 (S.D.N.Y. Apr. 9, 2020) (noting that "[w]hether attempted Hobbs Act

7

robbery is a crime of violence under the Force Clause is currently before the Second Circuit in several pending appeals"); *Crowder v. United States*, No. 05 CR 67-02 (CM), 2019 WL 6170417, at *2 – 3 (S.D.N.Y. Nov. 20, 2019); *Vasquez-Gomez v. United States*, No. 10 CR. 955 (PGG), 2021 WL 2261590, at *2 (S.D.N.Y. June 2, 2021). Even if this claim had not been formally recognized by the federal courts, it had been raised frequently enough to have been on the Second Circuit's radar and discovered and raised by counsel on appeal. In other words, this argument was readily available for Polk to make on direct review, which means that it was not novel and therefore cannot constitute cause.

Any argument that raising this argument would have been futile also fails under *Bousley*. Polk does not directly argue for futility, but seems to imply that because *Taylor* had not been decided at the time of his appeal, it would have been futile to argue that his 2007 § 924(c) conviction was not based on a crime of violence. (Petition at 5.) Again, as in *Bousley*, this argument fails because it amounts to an argument that the "claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623; *see also Gupta v. United States*, 913 F.3d 81, 84–85 (2d Cir. 2019). The fact that bringing the claim on appeal may, or would, have failed does not mean Polk should or could not have brought it. Precedent has made clear that this is not sufficient to constitute cause.

In sum, Polk does not demonstrate sufficient cause to overcome the procedural default of his claim.

**2. Polk does not show prejudice.**

Polk has "the burden of showing[] not merely that the errors [he alleges] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Because Polk has failed to show cause, this Court

does not need to decide whether Polk has demonstrated actual prejudice.  Even if it did, however,

Polk has not shown that he has been actually and substantially disadvantaged or prejudiced.  Polk

is not prejudiced by the barring of his *Taylor* arguments because, as discussed in the rest of this

decision, his Petition does not succeed on the merits.

### 3. Polk cannot show actual innocence

To demonstrate actual innocence, Polk must establish that "in light of all the evidence, it

is more likely than not that no reasonable juror would have convicted him."  This means "factual

innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.

Polk cannot show, and he does not argue, that he was actually innocent of his second Hobbs

Act robbery.[2]  He was convicted on all counts by a jury, and those convictions have been upheld

by this Court and the Second Circuit despite Polk's post-trial challenges.  (*See* Sept. 13, 2018

Minute Entry; Memorandum Decision and Order, ECF No. 128, at 1; Memorandum Decision and

Order, ECF No. 170, at 1; USCA Mandate at 3.)  As the Second Circuit noted, there was ample

evidence presented at trial for a reasonable jury to convict Polk on each challenged count.  (USCA

Mandate at 7, 9–10.)  That evidence included surveillance video footage, photographs of the crime

scene, ballistics evidence, and a gun and drugs recovered from Polk's house and car.  (*Id.* at 10–

11.)  Given that it has been affirmed on multiple occasions that the evidence presented at trial was

sufficient for reasonable jurors to convict Polk, Polk has not established that he is factually

innocent of the crimes underlying his 2020 convictions.

---

[2] While his 2007 conviction is not directly at issue in this section, Polk would also fail to show actual innocence with respect to that conviction because he admitted in his plea colloquy to, among other things, brandishing a firearm during his participation in a crime of violence.  (Plea Colloquy at 11); *see, e.g.*, *Rosario v. United States*, 164 F.3d 729, 734 (2d Cir. 1998) (finding that "inculpatory statements" made during plea colloquies were enough for "any reasonable juror [to] only conclude that" defendants violated § 924(c)).

Thus, Polk cannot make the required showings to overcome his procedural default. Because he makes an argument to this Court that he did not raise on appeal, Polk's Petition is procedurally defaulted and this Court cannot grant it.

## C. Even if Polk's Petition were not procedurally defaulted, this Court would deny his motion.

Even if this Court needed to reach the merits of Polk's Petition, it would still deny the Petition. While this Petition was filed as a challenge to Polk's 2020 conviction, the nature of the challenge renders the Petition a sort of "habeas within habeas" petition: because this Court cannot vacate Polk's 2020 § 924(c) sentence without vacating or otherwise invalidating his 2007 § 924(c) conviction, the Petition is functionally a challenge to his 2007 conviction as well. And because Polk cannot successfully bring a motion to vacate, set aside, or correct his 2007 § 924(c) conviction under 28 U.S.C. § 2255, his Petition for relief from his 2020 § 924(c) conviction must fail.

## 1. Polk waived his right to lodge a § 2255 challenge to his 2007 § 924(c) conviction.

When entering into a plea agreement, a defendant may knowingly and voluntarily waive the right to directly or collaterally attack his conviction or sentence. *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). This waiver is enforceable even when the defendant's conviction or sentence is later rendered unconstitutional or otherwise illegal. *See Sanford*, 841 F.3d at 580 (denying a § 2255 motion after defendant had waived collateral review, even though a U.S. Supreme Court decision rendered his sentence arguably unconstitutional); *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008) ("[A] defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." (internal quotations omitted)).

The record in Polk's 2007 case shows that he waived his right to appeal and collateral review of his conviction and sentence, and that this waiver is enforceable. During his plea colloquy, Polk specifically agreed that he "[would] not attack the conviction by means of any habeas corpus proceedings." (Plea Colloquy at 12.) This waiver was knowing and voluntary. At his plea hearing, Polk confirmed to the Court that he was pleading guilty of his own free will; that he was competent to plead guilty; that he had gone over the charges and plea agreement with his attorney; that he had not been induced to plead guilty by any fear, pressure, threat, or force; and that he had read and signed the written plea agreement. (Plea Colloquy at 5–6, 9, 14.) Given these sworn statements, the fact that the Court specifically reviewed the terms of the habeas waiver, and that there is no evidence that Polk was otherwise coerced or misunderstood the terms of his plea agreement, the record indicates that he knowingly and voluntarily waived his right to bring a § 2255 challenge to his 2007 § 924(c) conviction. Furthermore, because this waiver is enforceable regardless of any legal developments that may have rendered his 2007 conviction unconstitutional, he cannot now seek collateral review of that prior conviction. *See Sanford*, 841 F.3d at 580; *Lee*, 523 F.3d at 107.

**2. A habeas petition challenging Polk's 2007 § 924(c) conviction would not be timely.**

Notwithstanding his waiver of his right to collateral review, Polk cannot bring a timely § 2255 challenge to his 2007 conviction under any prong of the statute. As stated in Section IIA, *infra*, a habeas petition must be filed within one year of the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to filing the habeas petition is removed; (3) the date on which the right asserted by the petitioner was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and is available retroactively to habeas petitioners; and (4) the date on which the facts

supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).   As with the instant Petition, (2) and (4) are not at issue here.

In the Second Circuit, an unappealed federal criminal judgment becomes final for the purposes of a § 2255 motion when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).   Polk's judgment of conviction for his 2007 § 924(c) conviction was entered on February 7, 2007.   (2007 Judgment at 1.)   Federal Rule of Appellate Procedure 4(b) provides that Polk had 10 days to file a notice of appeal; Polk did not appeal.  Thus, his judgment of conviction became final 10 days after it had been entered: on February 17, 2007.

Of course, the Supreme Court's decision in *Taylor* occurred on June 21, 2022, over 15 years later.   Under option (3), then, Polk's time for a habeas appeal began running on June 21, 2022.  This cannot save Polk's Petition either; his one year of time expired on June 21, 2023, and he did not file this Petition until June 21, 2024.  (Petition at 17.)   Thus, a § 2255 motion to vacate, correct, or set aside Polk's 2007 § 924(c) would not be timely.

In sum, because Polk is unable to properly bring a § 2255 challenge to his underlying 2007 § 924(c) conviction, his current Petition fails.[3]

### III.    Polk's Petition Is Denied, As Is A Certificate Of Appealability

Polk's Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  Furthermore, as Polk has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue.  28 U.S.C. § 2253; *see Tankleff v. Senkowski*, 135 F.3d 235, 241-42 (2d Cir. 1998).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

---

[3] Even if Polk overcame every procedural barrier in his path, his challenge to his 2007 § 924(c) conviction would fail because Polk explicitly admitted to being involved in a completed Hobbs Act Robbery.  (Plea Colloquy at 15–16).  Thus, *Taylor* does not impact Polk's 2007 conviction at all, because the underlying crime of violence for that conviction was an actual, not attempted, Hobbs Act Robbery.

in this case would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 443-44 (1962).

The Clerk of the Court is directed to close the motions docketed as ECF No. 1 on docket 24-cv-05000, and No. 200 on 17-cr-00649. Additionally, the Clerk of Court is directed to close case number 24-cv-05000.

Dated:   DEC 1 0 2024
New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge